UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIGOBERTO MARTINEZ ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JIMMY TUNG REAL ESTATE INVESTMENTS,<br><br>    Defendant. | CASE NO. C18-1406RSM<br><br>ORDER TO SHOW CAUSE |

*Pro Se* Plaintiff, Rigoberto Martinez Alvarez, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. His Complaint was filed on September 25, 2018. Dkt. #3. Summonses have not yet been issued. Plaintiff's Complaint is short on detail but the dispute appears to center on the breach of a contract. Plaintiff provides that "Defendant did not pay balance due from binding contract," that "Defendant only paid 1,000 of 5,300 and owes remaining cash balance of 4,300, harassment during resolvement [sic] methods." *Id.* at 5. Plaintiff indicates that the amount in controversy is "4,300." *Id.*

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over

ORDER – 1

the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish federal question jurisdiction by pleading a "colorable claim 'rising under' the Constitution or laws of the United States" or by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted). With regard to complaints filed *in forma pauperis*, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff does not plead an adequate basis for invoking the Court's diversity jurisdiction. Plaintiff indicates that both Plaintiff and Defendant are residents of Washington and that the amount in controversy is $4,300. Dkt. #3. This matter is therefore not within the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (providing original jurisdiction over civil matters where the controversy exceeds $75,000 and is between "citizens of different States").

Plaintiff also does not clearly establish federal question jurisdiction. Plaintiff does indicate that a federal question is the basis for the Court's jurisdiction here and cites to "Statute 903; June 25, 1938 ch. 677 § 3,52 Validity of Contract." Dkt. #3 at 3. This appears to be a reference to 15 U.S.C. § 78cc. *See* 15 U.S.C. § 78cc (indicating enactment and amendment through: "June 6, 1934, c. 404, Title I, § 29, 48 Stat. 903; June 25, 1938, c. 677, § 3, 52 Stat. 1076; Pub.L. 101-429, Title V, § 507, Oct. 15, 1990, 104 Stat. 956; Pub.L. 111-203, Title IX, §§ 927, 929T, July 21, 2010, 124 Stat. 1852, 1867"). That statute provides that certain securities contracts violating Chapter 2B of Title 15 of the United States Code are void. *Id.* The statute also provides for a private right of action in certain situations. *See Rhoades v. Powell*, 644 F. Supp. 645, 662 (E.D. Cal. 1986) (noting private cause of action for recission of a contract), *aff'd*

ORDER – 2

*Rhoades v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 217 (9th Cir. 1992). Plaintiff does not plead additional facts indicating that the contract at issue relates to securities, in some way violates securities laws, or otherwise presents a question arising under that statute. From the limited information provided, it appears that Plaintiff's matter is not within this Court's jurisdiction and may be better suited for resolution in a small claims department of a Washington State District Court.

In Response to this Order, Plaintiff must file a short and plain statement telling the Court (1) the law or laws upon which his claims are based, (2) explain how the dispute at issue falls within the scope of those laws, and (3) how his Complaint otherwise falls within the Court's limited jurisdiction. The Response **may not exceed five (5) double-spaced pages**. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

The Clerk shall send a copy of this Order to P.O. Box 4331, Seattle, WA 98104.

Dated this 3 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3