UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIGOBERTO MARTINEZ ALVAREZ,

    Plaintiff,

  v.

JIMMY TUNG REAL ESTATE INVESTMENTS,

    Defendant.

CASE NO. C18-1406RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on the Court's Order to Show Cause. Dkt. #5. Plaintiff, having been advised that his failure to respond would result in dismissal, has failed to respond to the Court's Order to Show Cause. Accordingly, and for the reasons below, this action will be dismissed.

*Pro se* Plaintiff, Rigoberto Martinez Alvarez, was granted *in forma pauperis* status and filed his Complaint on September 25, 2018. Dkts. #2 and #3. Plaintiff's action appears related to a contract dispute. Plaintiff provides that "Defendant did not pay balance due from binding contract," that "Defendant only paid 1,000 of 5,300 and owes remaining cash balance of 4,300, harassment during resolvement [sic] methods." *Id.* at 5. Plaintiff indicates that the amount in controversy is "4,300." *Id.*

ORDER – 1

Complaints filed *in forma pauperis* will be dismissed by the Court at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). Under Federal Rule of Civil Procedure 12(h)(3), the Court "shall dismiss the action" when it appears that subject matter jurisdiction is lacking, and may do so on its own initiative. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010) (explaining that even if not raised by the parties, a federal court has an independent obligation to address subject matter jurisdiction before turning to the merits); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (noting that "[l]ack of subject matter jurisdiction can be raised by a court's own motion at any time"). At the pleading stage, the Plaintiff must allege a sufficient factual basis to establish the court's subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). This may be done by pleading a "colorable claim 'arising under' the Constitution or laws of the United States" or by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted).

Plaintiff's Complaint does not plead an adequate basis to invoke the Court's diversity jurisdiction. Plaintiff indicates that both Plaintiff and Defendant are residents of Washington and that the amount in controversy is $4,300. Dkt. #3. This matter is therefore not within the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (providing original jurisdiction over civil matters where the controversy exceeds $75,000 and is between "citizens of different States").

ORDER – 2

Plaintiff's Complaint also does not plead an adequate basis to invoke the Court's federal question jurisdiction. Plaintiff indicates that a federal question is the basis for the Court's jurisdiction and cites to "Statute 903; June 25, 1938 ch. 677 § 3,52 Validation of Contract." Dkt. #3 at 3. While this citation appeared to be a reference to a federal statute, that provision deals with securities contracts violating federal law. Dkt. #5 at 2–3. Plaintiff did not, however, plead additional facts indicating that his contract dispute fits within the confines of this or any other federal statute.

Therefore, on October 3, 2018, this Court issued an Order to Show Cause notifying Plaintiff of the deficiencies in his Complaint. The Court ordered Plaintiff to respond and provide the Court an explanation of (1) the law or laws upon which his claims are based, (2) explain how the dispute at issue falls within the scope of those laws, and (3) how his Complaint otherwise falls within the Court's limited jurisdiction. Dkt. #5 at 3. The Court further informed Plaintiff that a failure to respond by October 24, 2018, would result in dismissal of this action. *Id.* Plaintiff has not responded to the Court's Order.

Because the Plaintiff's Complaint does not appear to adequately state a claim within the Court's jurisdiction and because Plaintiff has failed to respond to this Court's Order to Show Cause, dismissal is appropriate. Accordingly, the Court hereby finds and ORDERS that this matter is DISMISSED without prejudice, that this case is now CLOSED, and that the Clerk shall send a copy of this Order to P.O. Box 4331, Seattle, WA 98104.

Dated this 1st day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3